IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

NATIONWIDE MUTUAL INSURANCE     :     CIVIL ACTION
COMPANY                         :
                                :
            v.                  :
                                :
A-1 BRACKET, INC., et al.       :     NO. 13-3282
_____ :
GENERAL STAR INDEMNITY          :     CIVIL ACTION
COMPANY, et al.                 :
                                :
            v.                  :
                                :
A-1 BRACKET, INC.               :     NO. 13-3665

MEMORANDUM

McLaughlin, J.                                    April 17, 2014

        Defendant A-1 Bracket, Inc. ("A-1") has moved to stay

these related insurance declaratory judgment actions by

requesting that this Court decline its discretionary

jurisdiction over these matters pursuant to 28 U.S.C. § 2201.

Defendants K. Hovnanian Venture I, LLC; Hovnanian Southern New

Jersey, LLC; K. Hovnanian Eastern Pennsylvania, LLC; and

Hovnanian Enterprises, Inc. (collectively, "Hovnanian") join

this motion to stay or, in the alternative, move to dismiss the

actions entirely.

I.   Background

        A-1 is a New Jersey masonry contractor.  The Hovnanian

defendants are a group of construction companies incorporated in

Pennsylvania and New Jersey.  In March 2002, Hovnanian acquired

certain assets of defendants Quaker NJ Construction, Inc. and

Quaker PA Construction, Inc. (collectively, "Quaker") involving

twelve or thirteen construction projects in New Jersey, and one

project in Pennsylvania.  Defendant Steadfast Insurance Co.

("Steadfast") is Hovananian's insurer.  Hovnanian alleges that

the homes within the construction projects began to experience

problems, including water damage, caused by the construction

and/or repairs performed by various subcontractors.

In January 2009, Hovnanian filed an action in the

Superior Court of New Jersey against these subcontractors,

including A-1, seeking indemnification for any damage resulting

from work performed by those subcontractors in New Jersey.  K.

Hovnanian Venture I, LLC v. A&C Constr., No. CAM-L-3819-10 (N.J.

Super. Ct., Camden).  In September 2009, Hovnanian and Steadfast

filed a similar action in the Court of Common Pleas for Chester

County, regarding its project in West Chester, Pennsylvania.  K.

Hovnanian Constr. Mgmt., Inc. v. Pennoni Assocs., No. 09-1065

(Ct. Com. Pl., Chester Cnty., Pa.).[1]

---

[1]  The underlying construction actions were initially
scheduled to go to trial in November 2013.  The parties' April
11, 2014 position letters report that the New Jersey
construction action is now scheduled for trial this summer.  The
Pennsylvania action is in discovery, and the parties plan to
schedule mediation for July.

A-1 had commercial general liability insurance policies for the relevant time periods with Nationwide Mutual Insurance Company ("Nationwide") (formerly Harleysville Mutual Insurance Company), General Star Indemnity Company ("General Star"), and Quincy Mutual Fire Insurance Company ("Quincy"). Pursuant to a cost-sharing agreement, Nationwide, General Star, and Quincy Mutual have managed A-1's defense in the underlying construction actions since 2009.

On June 6, 2013, Nationwide filed a complaint in this Court against A-1, Hovnanian, Steadfast, and Quaker, seeking declaratory judgment as to whether Nationwide has a duty to defend or indemnify A-1 in the underlying New Jersey construction action.[2]  Nationwide Mut. Ins. Co. v. A-1 Bracket, et al., Civ. No. 13-3282 (E.D. Pa. June 6, 2013).  Shortly thereafter, General Star and Quincy Mutual filed a complaint against A-1 only, also seeking declaratory judgment as to whether they have a duty to defend or indemnify A-1 in the underlying New Jersey construction action.  General Star Indem. Co., et al. v. A-1 Bracket, Inc., Civ. No. 13-3665 (E.D. Pa. June 25, 2013).

---

[2]  Nationwide's complaint in this Court does not encompass the underlying Pennsylvania action.

On October 3, 2013, Hovnanian and Steadfast Insurance, who are plaintiffs in the underlying construction actions, but defendants in the Nationwide declaratory judgment action, filed their own complaint in the Superior Court of New Jersey, against A-1 Bracket, General Star, and Quincy Mutual.  K. Hovnanian Venture I, LLC, et al. v. General Star Indem. Co., et al., No. CAM-L-4039-13 (NJ Super. Ct., Camden).  In February 2014, Nationwide was also joined to this action as a defendant. Hovnanian seeks a declaration that the insurers own insurance coverage to A-1 for the construction claims, have a duty to indemnify A-1 for any judgment or settlement related to the claims, owe insurance coverage to Hovnanian as additional insureds under A-1's policies, and have a duty to defend and indemnify Hovnanian as to the construction claims.

On October 24, 2013, Nationwide filed a second declaratory judgment action, in the Philadelphia Court of Common Pleas.[3]  Nationwide's state court complaint is substantially similar to the one filed in federal court in June 2013, but also encompasses the underlying Pennsylvania construction action. This state court complaint was twice reinstated by Nationwide – on December 24, 2013, and again on March 28, 2014 – but was

_____

[3]  Nationwide Mutual Ins. Co. v. A-1 Bracket, Inc., et al., No. 13-131002312 (Ct. Com. Pl., Phila., Pa. Oct. 24, 2013).

apparently not served on A-1 and the other defendants until

April 10, 2014, and was not mentioned by Nationwide in its

October briefing in opposition to A-1's motion to stay.


II.  Analysis

A-1 has moved to stay the federal declaratory judgment

actions by requesting that this Court decline its discretionary

jurisdiction over these matters pursuant to 28 U.S.C. § 2201.[4]

The discretion to exercise jurisdiction in a declaratory

judgment action is governed by the federal Declaratory Judgment

Act, which provides that, "[i]n a case of actual controversy

within its jurisdiction, . . . any court of the United States,

upon the filing of an appropriate pleading, may declare the

rights and other legal relations of any interested party seeking

such declaration . . . ."  28 U.S.C. § 2201(a).  However,

district courts are under no compulsion to exercise this

discretion, even when a suit otherwise satisfies subject matter

jurisdiction prerequisites.  See Wilton v. Seven Falls Co., 515

U.S. 277, 282, 287 (1995) (explaining that the Declaratory

_____

[4]  It is unclear from the language of the motions to stay
whether A-1 seeks dismissal of these actions in the alternative.
Regardless, a court is permitted to decline jurisdiction and
dismiss *sua sponte* under § 2201.  See State Auto Ins. Cos. v.
Summy, 234 F.3d 131, 136 (3d Cir. 2000)).

Judgment Act is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant).[5]

A district court should determine "whether the question in controversy between the parties to the federal suit . . . can better be settled in the proceeding pending in state court. . . . [T]his requires some inquiry into the scope of the state court proceeding, the nature of the defenses available there, and whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding."  Summy, 234 F.3d at 133 (citing Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942)) (quotations and citations omitted).

With regard to insurance coverage declaratory judgment actions, the Third Circuit also directs the district courts to keep in mind: (1) "[a] general policy of restraint when the same issues are pending in a state court;" (2) "[a]n inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;" and

---

[5]   The Third Circuit has cautioned that district courts do not have open-ended discretion to decline jurisdiction over a declaratory judgment action when the issues include "federal statutory interpretation, the government's choice of a federal forum, an issue of sovereign immunity, or inadequacy of the state proceeding."  Summy, 234 F.3d at 134 (citing U.S. v. Dep't of Envtl. Res., 923 F.2d 1071, 1076-79 (3d Cir. 1991)).  None of these issues is present here.

(3) "[a]voidance of duplicative litigation." Summy, 234 F.3d at

134 (citing Dep't. of Envtl. Res., 923 F.2d at 1075-76).  "A

federal court should also decline to exercise its discretionary

jurisdiction when doing so would promote judicial economy by

avoiding duplicative and piecemeal litigation."  Id. at 135

(citing Mitcheson v. Harris, 955 F.2d 235, 239 (4th Cir. 1992)).[6]

        The Third Circuit cautions courts against exercising

jurisdiction over declaratory judgment actions when the state

law involved is close or unsettled, because district courts "do

not establish state law, but are limited to predicting it."  Id.

at 135 ("This is especially important in insurance coverage

cases, although we do not mean to confine its relevance to that

category.").  But the converse is equally true:  "When the state

law is firmly established, there would seem to be even less

reason for the parties to resort to the federal courts.  Unusual

circumstances may occasionally justify such action, but

declaratory judgments in such cases should be rare."  Id. at

---

        [6]  In Summy, which involved a declaratory judgment action
regarding an insurance coverage dispute, the Third Circuit held
that it was inappropriate for the district court to exercise
jurisdiction where the underlying personal injury action and a
separate counter-action for declaratory judgment were pending
before the same judge in state court.  The Third Circuit also
held that it was "irrelevant that the state declaratory judgment
petition was filed after its counterpart in the District Court."
Summy, 234 F.2d at 136.

136.[7]  "The desire of insurance companies and their insureds to

receive declarations in federal court on matters of purely state

law has no special call on the federal forum."  Id.

     In general, "[d]ecisions in declaratory judgment

actions must yield to 'considerations of practicality and wise

judicial administration.'"  Id. at 136 (quoting Wilton, 515 U.S.

at 288).  Here, there are no issues of federal law that require

this Court's consideration; the parties have presented no

unsettled issues under either Pennsylvania or New Jersey law;[8]

and parallel declaratory judgment actions have now been filed in

both the New Jersey Superior Court and in the Philadelphia Court

of Common Pleas.  It is also evident that there is a substantial

conflict of interest between these insurers' duty to defend A-1

---

[7]  Several courts in this District have read Summy to hold
that, "without a showing that the applicable area of state law
is unsettled, and in the absence of a parallel state-court
proceeding," the federal declaratory judgment action does not
fall within the ambit of Summy, and have declined to stay or
dismiss the action.  See, e.g., Cont'l Cas. Co. v. Peerless
Indust. Inc., No. 06-4621, 2007 WL 2029298, at *2 (E.D. Pa. July
11, 2007) (quoting Allstate Ins. Co. v. Century Indem. Co., No.
06-4373, 2007 WL 1575012, at *2 (E.D. Pa. May 31, 2007)).  But
others, including this Court, have held that the fact that state
law issues are well-settled is insufficient to warrant the
exercise of jurisdiction.  See, e.g., AMA/Am. Mktg. Assoc., Inc.
v. Maple Ave. Apts., L.P., No. 07-1650, 2007 WL 2071902, at *4-5
(E.D. Pa. July 17, 2007) (noting that the central inquiry
demanded by Wilton and Brillhart is whether the issues in the
federal action can be fully and better resolved in state court).

[8]  The parties do, however, dispute whether Pennsylvania or
New Jersey law applies to their declaratory judgment actions.

in the underlying construction actions and their

characterization of those suits in these federal declaratory

judgment actions.[9]

Moreover, in making these coverage determinations the

Court would need to consider a significant number of factual

issues related to the underlying construction litigation.  These

factual issues have been pending before the New Jersey and

Pennsylvania state courts for more than four years.  Under

Pennsylvania law a court, in determining whether an insurer has

a duty to defend, should restrict its examination of the claim

to the four corners of the underlying third-party complaint

against the insured.  See Kvaerner Metals Div. v. Commercial

Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006); Allstate Prop. &

Cas. Ins. Co. v. Filachek, No. 10-3634, 2011 WL 2111219, at *1

(E.D. Pa. May 25, 2011).  Under New Jersey law, however, which

advocates an "expansive" view of the duty to defend a court may

also include an examination of extrinsic evidence.  Abouzaid v.

Mansard Gardens Assocs., LLC, 23 A.3d 338, 346-47 (N.J. 2011)

---

[9]  To the extent that the insurers argue that staying these
actions will delay the determination of the rights and duties
under the insurance policies, and might require them to spend
significant sums of money defending A-1 in the underlying
construction litigation actions, the insurers have not explained
why, after spending large sums on discovery over the last four
years, they have waited until just before trial to file these
declaratory judgment actions.

("Although courts generally look to the complaint to ascertain the duty to defend, the analysis is not necessarily limited to the facts asserted in the complaint.").

General Star and Quincy argue that, regardless of which state's law applies, "it does not take a trial to determine what a construction defect case involves," because the Court can examine interrogatories and expert reports to determine the basis of the underlying construction defect claims.  But answers to interrogatories and expert reports would be outside the "four corners of the complaint" and could therefore not be considered under Pennsylvania law. Furthermore, General Star and Quincy have confused and conflated their duty to defend with their duty to indemnify under Pennsylvania law. See Scottsdale Ins. Co. v. Broaddus, No. 08-3241, 2009 WL 349697, at *8 (E.D. Pa. Feb. 11, 2009):

> Under Pennsylvania law, an insurer's duty to defend is fixed solely by the allegations in the underlying complaint.  An insurer has a duty to defend an insured if the underlying Complaint sets forth a claim that may potentially fall within the coverage provided by the policy.  Unlike the duty to defend, however, the duty to indemnify cannot be determined merely on the basis of whether the factual allegations of the complaint potentially state a claim against the insured.  Rather, there must be a determination that the insurer's policy actually covers a claimed incident.  Therefore, to determine whether there was a duty to indemnify, the District Court would have [] to

> engage in the same factual inquiry that is central to
> the state court negligence action.

Scottsdale, 2009 WL 349697, at *8 (quotation marks and citations omitted).  On the whole, the issues here can be fully and better resolved in the state courts in which the underlying construction actions are pending.

III. Conclusion

The factors considered above militate in favor of this Court declining to exercise its jurisdiction over these matters at this time, and staying the above-captioned actions pending resolution of the parallel declaratory judgment actions in state court.

An appropriate order shall issue separately.